IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 9:15-81683 – RLR/JMH

CLIFFORD PIOTROWSKI,

   Plaintiff,

vs.

HAMLIN TERRACE FOUNDATION,
a Declaration of Trust established in
the state of Florida,

   Defendant.
_____/

## SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE

THIS SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE (hereinafter "Agreement") is made and entered into by and between CLIFFORD PIOTROWSKI, (hereinafter "Plaintiff"), and HAMLIN TERRACE FOUNDATION (hereinafter "Defendant"). The term "Defendant" shall also collectively include all past and present parents, successors in interest and assigns, subsidiaries, divisions, departments, wholly-owned corporations or partnerships, business associations, sole proprietorships, and their current or former officers, agents, representatives, fiduciaries, administrators, directors, stockholders, partners, or employees, in both their individual and official capacities.

WHEREAS, Plaintiff has caused to be instituted a lawsuit against Defendant, alleging violations of the Fair Labor Standards Act in the United States District Court for the Southern District of Florida (CASE NO.: 9:15-81683 – RLR/JMH);

WHEREAS, Defendant denies any liability to Plaintiff; and

WHEREAS, the parties prefer to avoid the uncertainties and expense of further litigation;

NOW, THEREFORE, in consideration of the mutual promises contained herein, it is agreed between the parties as follows:

1. **No Admission.** This Agreement, and compliance with this Agreement, shall not be construed as an admission by Defendant of any liability whatsoever, or as an admission by Defendant of any violation of the rights of Plaintiff or any other person, or of any violation of any order, law, statute, duty, or contract, or any act of discrimination whatsoever against Plaintiff or any other person, and Defendant specifically disclaims any liability to, or discrimination against Plaintiff or any other person, and any alleged violation of any rights of



Page 1 of 4

Plaintiff or any other person, or of any order, law, statute, duty, or contract.

2. **Settlement Funds.** After Defendant receives this executed Settlement Agreement from the Plaintiff, the Defendant agrees to pay Plaintiff and his attorney, on or before March 30, 2016, the total sum of SIX THOUSAND FIVE HUNDRED DOLLARS AND ZERO CENTS $6,500.00 (hereinafter "Settlement Funds"), in the following manner:

A. One check made payable to CLIFFORD PIOTROWSKI in the amount of $750.00, less employment withholdings, representing alleged unpaid overtime, for which Defendant shall issue a W-2 to PIOTROWSKI for 2016;

B. One check made payable to CLIFFORD PIOTROWSKI in the amount of $750.00, with no deductions, representing alleged liquidated damages, for which Defendant shall issue a 1099 to PIOTROWSKI for 2016;

C. One check made payable to ROBERT S. NORELL, P.A., (FEI# 65-0643110), in the amount of $5,000.00, which will fully satisfy any and all obligations that PIOTROWSKI or Defendant may have for Plaintiff's reasonable attorney's fees and litigation expenses.

3. **Dismissal of Litigation.** The parties agree to file a Joint Motion to Approve FLSA Settlement and Dismiss in accordance with the Court's procedures in FLSA actions. The parties will request the Court to retain jurisdiction to enforce the terms of the settlement.

4. **Complete Payment.** It is expressly understood by Plaintiff that the obligations of Defendant contained in Paragraph 2 of this Agreement shall be in lieu of any and all amounts to which Plaintiff or any of his attorneys are now, or may become, entitled to, based upon any claim whatsoever arising out of his employment with Defendant.

5. **Release of Defendant.** Plaintiff hereby unconditionally and irrevocably releases and forever discharges the Defendant, of and from, and agrees not to sue and not to assert against Defendant any causes of action, claims and demands whatsoever, at law, in equity, or before any agency or commission of local, state and federal governments, arising, or alleged to have arisen, or which may arise under any common law theory and/or any law including, but not limited to, the Fair Labor Standards Act, the Equal Pay Act, federal, state, or municipal anti-discrimination laws such as the Age Discrimination in Employment Act, the Older Workers Benefit Protection Act, the Americans with Disabilities Act, Title VII of the Civil Rights Act, as amended, the Florida Civil Rights Act of 1992 and Section 440.205, Florida Statutes, that the Plaintiff ever had, now has, or which his heirs, executors, administrators, or assigns, or any of them, hereafter can, shall or may have, based on any set of facts known or unknown, occurring prior to, and including, the date of the execution of this Agreement. This Release is not intended to and does not release Defendant from any obligations it has under this Agreement.

6. **Release of Plaintiff.** In exchange for Plaintiff entering into this agreement and for the other consideration herein, the Defendant releases the Plaintiff from any and all damages, complaints, claims, charges, actions and causes of action of any kind or nature that



the Defendant once had or now have, whether arising out of Plaintiff's employment, or otherwise, and whether such claims are now known or unknown to the Defendant from the beginning of the world to the date this Agreement is executed by the Defendant. Such is a general release from the Defendant to Plaintiff. This Release is not intended to and does not release Plaintiff from any obligation he has under this Agreement.

7. **Termination Date.** Effective October 5, 2015, Plaintiff's active compensation and any other benefits terminated.

8. **No Obligation For Future Employment.** The parties agree that neither the Defendant nor any of its affiliates will be under any future obligations to hire Employee and Plaintiff agrees not to seek or apply for employment with the Defendant or its affiliates. The Defendant has no further obligations to Plaintiff. Plaintiff is forever discharged of his prior employment with Defendant and has no further obligation to perform any work or service for or on behalf of the Defendant or its affiliates.

9. **No Further Contact Between The Parties.** The parties agree to refrain from any communication or interaction with one another, directly or indirectly, for any reason whatsoever, upon the execution of this Agreement. The Plaintiff agrees to refrain from any communication or interaction with the Defendant or its affiliates, employees, officers, and agents of Hamlin Place. The parties shall not call, text, e-mail, write, fax, leave messages for, instant message, send packages to, gesture towards, or otherwise communicate with one another upon the execution of this Agreement. It is understood communication through Facebook, Twitter, LinkedIn, and other social media sites shall be considered communication or interaction that will violate the terms and conditions of this Agreement. In addition, the parties agree to refrain from any communication or interaction through an intermediary, third party, or other individuals.

10. **Non-Disparagement.** The parties agree not to disparage one another. The Defendant agrees that it shall provide Plaintiff or any prospective employers of Plaintiff, with a neutral employment reference; Defendant will only provide dates of employment and Plaintiff's position, and will not reference the subject litigation.

11. **Opportunity to Review.** The parties represent and agree that they have thoroughly discussed all aspects of this Agreement with their attorneys, have carefully read and fully understand all of the provisions of this Agreement, and that they are voluntarily entering into this Agreement. Plaintiff further represents that he thoroughly discussed all aspects of this Agreement with his attorneys, fully understands all of the provisions of this Agreement, and that he is voluntarily entering into this Agreement.

12. **Entire Agreement.** The parties represent and acknowledge that in executing this Agreement they do not rely and have not relied on any representation or statement made by the party or by any of the parties' agents, representatives, or attorneys with regard to the subject matter, basis, or effect of this Agreement or otherwise other than those specifically stated in this written Agreement.

13. **Acknowledgment/Binding Agreement.** Plaintiff acknowledges that he has



read and understands this Agreement; that he has been provided an opportunity to consult with an attorney; that he fully and voluntarily agrees to all of the provisions stated herein; and that this Agreement constitutes a binding Agreement between the parties.

14. **Breach of Agreement.** Any breach of any term, provision, or obligation of this Agreement by any party, shall entitle the other party to seek enforcement of such term, provision or obligation, and shall entitle the prevailing party to an award of the reasonable attorney's fees and costs.

15. **Choice of Law.** This Agreement shall be interpreted, construed, and enforced according to Florida law.

16. **Parties Bear Their Own Fees.** The Parties each agree to pay their own attorneys' fees and costs related to this dispute and the settlement thereof, except as provided in this Agreement.

17. **Effective Date.** This Agreement shall become effective upon the date when the last signatory has executed this Agreement.

18. **Severability.** Should any provision of this Agreement be declared or be determined by any court of competent jurisdiction to be illegal, invalid, unethical or unenforceable, the legality, validity and enforceability of the remaining parts, terms, or provisions shall not be affected thereby, and said illegal, unenforceable, unethical or invalid part, term, or provision shall be deemed not to be part of this Agreement.

19. **Execution.** This Agreement may be executed in counterparts and each counterpart shall be and constitute a part of this Agreement and all counterparts taken together shall constitute this Agreement, and be binding and effective to all parties hereto.

THE FOREGOING TERMS AND PROMISES ARE AGREED TO BY:

_____   3/25/16
CLIFFORD PIOTROWSKI                Date

_____   _____
HAMLIN TERRACE FOUNDATION          Date



read and understands this Agreement; that he has been provided an opportunity to consult with an attorney; that he fully and voluntarily agrees to all of the provisions stated herein; and that this Agreement constitutes a binding Agreement between the parties.

14. **Breach of Agreement.** Any breach of any term, provision, or obligation of this Agreement by any party, shall entitle the other party to seek enforcement of such term, provision or obligation, and shall entitle the prevailing party to an award of the reasonable attorney's fees and costs.

15. **Choice of Law.** This Agreement shall be interpreted, construed, and enforced according to Florida law.

16. **Parties Bear Their Own Fees.** The Parties each agree to pay their own attorneys' fees and costs related to this dispute and the settlement thereof, except as provided in this Agreement.

17. **Effective Date.** This Agreement shall become effective upon the date when the last signatory has executed this Agreement.

18. **Severability.** Should any provision of this Agreement be declared or be determined by any court of competent jurisdiction to be illegal, invalid, unethical or unenforceable, the legality, validity and enforceability of the remaining parts, terms, or provisions shall not be affected thereby, and said illegal, unenforceable, unethical or invalid part, term, or provision shall be deemed not to be part of this Agreement.

19. **Execution.** This Agreement may be executed in counterparts and each counterpart shall be and constitute a part of this Agreement and all counterparts taken together shall constitute this Agreement, and be binding and effective to all parties hereto.

THE FOREGOING TERMS AND PROMISES ARE AGREED TO BY:

_____          _____
CLIFFORD PIOTROWSKI                                Date

_____*[signature]*_____          3/24/2016
HAMLIN TERRACE FOUNDATION              Date